**UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KENNETH M. MOLLINS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WAYFAIR LLC,<br><br>Defendant. | Case No.: 2:25-cv-6051<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of New York, Suffolk County, Index No. 625506/2025 |

**TO:** Clerk of the U.S. District Court for the Eastern District of New York:

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Defendant Wayfair LLC ("Wayfair") respectfully notifies the Court that, pursuant to 28 U.S.C. §§ 1332(d), 1441(a) & (b), 1446, and 1453, it hereby removes this case from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). See 28 U.S.C. § 1332(d); see also 28 U.S.C. § 1453(b). In support of this Notice of Removal, Wayfair states as follows:

**THE STATE COURT ACTION**

1. On September 23, 2025, Kenneth M. Mollins ("Plaintiff") filed a putative class action complaint (the "Complaint") in the Supreme Court of the State of New York, County of Suffolk, captioned Kenneth M. Mollins v. Wayfair LLC, Index No. 625506/2025 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint, which was served on the Secretary of State of the State of New York by Plaintiff on September 29, 2025, is attached hereto

as **Exhibit A**, and a copy of the letter to Wayfair from the New York Department of State reflecting the service date is attached hereto as **Exhibit B**.

2. In the Complaint, Plaintiff, individually and on behalf of putative class members, asserts claims against Wayfair for allegedly engaging in deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349 (Count I), false advertising in violation of N.Y. Gen. Bus. Law § 350 (Count II), breach of express and implied warranties (Count III), and unjust enrichment (Count IV). See Compl., ¶¶ 24-40. These causes of action arise out of Plaintiff's purchase of certain products from Wayfair that he alleges were deceptively marketed due to their branding, product specifications, and assembly instructions. See id. at ¶¶ 1-5, 11-17.

3. Specifically, Plaintiff alleges that he was induced to purchase several products (two lamps and a rug) from Wayfair advertised as goods from brands named "House of Hampton" and "Breakwater Bay"—*i.e.*, Wayfair's "house brand' or "exclusive brand" names. See id. at ¶¶ 11-13. Plaintiff alleges that upon receipt, the purchased products in fact "bore a different brand or manufacturer" than the ones advertised. See id. at ¶ 19. According to the Complaint, Plaintiff claims that Wayfair concealed the "true identity" of the product manufacturer for these goods as part of an alleged strategy to "obscure the origin of the goods and mislead consumers as to their true nature." Id. at ¶ 14. Plaintiff alleges that he also purchased a product from Wayfair (a shed) that provided false and inaccurate product specifications and assembly instructions, which required Plaintiff to incur additional costs to install the product. See id. at ¶¶ 4, 17.

4. Plaintiff asserts that Wayfair's acts and practices "caused Plaintiff and the proposed class actual damages, including: overpayment for products not as advertised; deprivation of the benefit of their bargain; out-of-pocket costs for shipping, returns, and professional labor; and loss of confidence in the integrity of the marketplace." Id. at ¶ 5. As set forth in the Complaint, this

proposed class is comprised of "[a]ll persons in the United States who purchased consumer products from Wayfair marketed under a Wayfair 'house brand' or 'exclusive brand' name when the product delivered bore a different brand or manufacturer" and a subclass of "[a]ll persons in New York who purchased such products." Id. at ¶ 19.

5. In connection with these claims and allegations, Plaintiff seeks an award of compensatory, statutory, and punitive damages; an order of restitution and disgorgement; an order enjoining "Wayfair from continuing deceptive branding practices"; attorneys' fees and costs; and "such other relief as the Court deems just." See id. at ¶¶ 41-43.

## BASIS FOR REMOVAL

### I. CAFA JURISDICTION WARRANTS REMOVAL.

6. Generally, "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). An action is removable under Section 1441 where, as here, the U.S. District Courts have original jurisdiction over the controversy pursuant to CAFA. 28 U.S.C. § 1332(d); see also 28 U.S.C. § 1453(b) (setting procedure for removing class actions).

7. CAFA provides the federal courts with original jurisdiction over putative class actions where: (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (3) the parties are minimally diverse in that "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2), (d)(5)(B); Rotenberg v. BusPatrol Am. LLC, No. 2:25-CV-438 (NJC) (SIL), 2025 WL 1682439, at *5 (E.D.N.Y. June 16, 2025)

(citing Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56 (2d Cir. 2006)) (articulating requirements to establish federal jurisdiction under CAFA).

8. As defined by CAFA, a "class action" is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure *or similar State statute or rule of judicial procedure* authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B) (emphasis added). Here, Plaintiff filed this purported class action pursuant to N.Y. C.P.L.R., Art. 9 (*i.e.*, the New York state statute governing class actions), thereby satisfying this definitional requirement under CAFA. See Compl., ¶ 19.

9. For the reasons set forth in greater detail below, and as shown in the accompanying Declaration of Jessica D'Arcy, Wayfair's Associate Director, General Merchandising (attached hereto as **Exhibit C** ("D'Arcy Decl.")), Wayfair has demonstrated that CAFA's requirements are met and that the State Court Action is therefore removable.

**A. The Putative Class is Comprised of More Than 100 Members.**

10. Under CAFA, class actions must involve at least 100 class members to qualify for removal. See 28 U.S.C. § 1332(d)(5)(B). In the Complaint, Plaintiff alleges that he brings this action on behalf of "[a]ll persons in the United States who purchased consumer products from Wayfair marketed under a Wayfair 'house brand' or 'exclusive brand' name when the product delivered bore a different brand or manufacturer" and a subclass of "[a]ll persons in New York who purchased such products." See Compl., ¶ 19. As set forth in the accompanying declaration, this putative class of Wayfair exclusive or house brand purchasers exceeds 100 individuals. D'Arcy Decl., ¶ 7. Thus, there is sufficient numerosity to warrant removal under CAFA.

**B. The Aggregate Amount in Controversy Exceeds $5,000,000.**

11. As noted above, for federal jurisdiction to exist under CAFA, the amount in controversy must exceed $5,000,000. See 28 U.S.C. § 1332(d)(2). CAFA permits courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

12. Where a class action complaint does not expressly allege that more than $5,000,000 is in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). In the Second Circuit, if a defendant's notice of removal is challenged, a removing defendant satisfies CAFA's amount-in-controversy requirement by showing "that it appears to a reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million." Smith v. Manhattan Club Timeshare Ass'n, Inc., 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013) (quoting Blockbuster, Inc. v. Galeno, 472 F.3d 53, 58 (2d Cir. 2006) (cleaned up)). To assess whether a particular removing defendant has met this monetary requirement, district courts "look first to the plaintiffs' complaint and then to [the defendant's] petition for removal." Id. (quoting Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000) (alteration in original)). "Where the pleadings themselves are inconclusive as to the amount in controversy . . . courts may look outside those pleadings to other evidence in the record." Id. (citation omitted) (alteration in original); see also Cutrone v. Mortg. Elec. Registration Sys., Inc., 749 F.3d 137, 139 (2d Cir. 2014) ("We also hold that where a plaintiff's papers fail to trigger the removal clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3), a defendant may

remove a case when, upon its own independent investigation, it determines that the case is removable. . . .”).

13. Here, Plaintiff demands compensatory, statutory, and punitive damages; restitution and disgorgement, and an injunction related to Wayfair’s allegedly deceptive branding practices; and attorneys’ fees and costs. See Compl., ¶¶ 41-43.

14. As set forth in the accompanying declaration, Wayfair maintains sales records for all products by tracking the sales of the specific “stock keeping unit” or SKU numbers associated with its products. See D’Arcy Decl., ¶ 6. The records tied to these SKU numbers identify which products are sold under Wayfair’s exclusive/house brand names and the supplier details for each product. See id. at ¶ 6. After reviewing internal records regarding sales of any products that were advertised under Wayfair’s exclusive or house brand products, including the sales revenue and number of individual purchasers of such products, Wayfair has confirmed that the sales amounts over the past year were over $5,000,000.[1] See id. at ¶¶ 5-7. Thus, Plaintiff’s total demand for monetary recovery clearly places the amount in controversy over $5,000,000. Id. at ¶ 7.

**C. The Parties Are Minimally Diverse.**

15. CAFA further requires that the parties be minimally diverse. See 28 U.S.C. § 1332(d)(2); Rotenberg, 2025 WL 1682439, at *5. The parties are minimally diverse where “any member of [the class] of plaintiffs is a citizen of a State different from any defendant.” 28 U.S.C. § 1332(d)(2)(A). This action satisfies that requirement.

16. According to the Complaint, Plaintiff “is a resident of Suffolk County, New York[,]” qualifying him as a citizen of New York. See Compl., ¶ 6. Wayfair, on the other hand, is

---

[1] Plaintiff fails to specify a time period for his proposed class, thus to be conservative, Wayfair confirmed that the sales for the past year meet the CAFA jurisdictional threshold. See Compl., ¶¶ 41-43; D’Arcy Decl., ¶ 7.

*not* a citizen of New York. For purposes of determining diversity jurisdiction under CAFA, a limited liability company, such as Wayfair, is considered a citizen of both the state in which it is organized and the state in which it has its principal place of business. See 28 U.S.C. § 1332(d)(1); see, e.g., Claridge v. N. Am. Power & Gas, LLC, No. 15-CV-1261 (PKC), 2015 WL 5155934, at *2 (S.D.N.Y. Sept. 2, 2015) (concluding a limited liability company is an "unincorporated association" under CAFA and its citizenship is therefore "determined pursuant to section 1332(d)(10)"); accord Ferrell v. Express Check Advance of S.C. LLC, 591 F.3d 698, 699-700 (4th Cir. 2010) (same); Siloam Springs Hotel, LLC v. Century Sur. Co., 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) (same). Here, Wayfair is a limited liability company formed in the State of Delaware that maintains its corporate headquarters in Massachusetts. See Compl., ¶ 8; D'Arcy Decl., ¶ 3.

17. Given these undisputed facts, Wayfair can be considered a citizen of Delaware and Massachusetts—but *not* New York—for the purposes of CAFA diversity jurisdiction. As such, at least one plaintiff of this putative class action, Plaintiff Kenneth Mollins, is a citizen of a different state from the sole defendant, Wayfair, and CAFA's minimal diversity requirement is met. See 28 U.S.C. § 1332(d)(10).

## II. NO BARRIERS EXIST TO REMOVAL UNDER CAFA.

18. This action does not fall within the exclusions to removal jurisdiction set forth in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d). First, the Section 1332(d)(4) exclusion is inapplicable here due to Wayfair's citizenship. Under Section 1332(d)(4), the federal court must decline jurisdiction over a class action where "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed[,]" and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class . . . is a citizen of the State in which the action

was originally filed[.]" 28 U.S.C. § 1332(d)(4)(A); see also 28 U.S.C. § 1332(d)(4)(B) (excluding cases where "two-thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). Here, Wayfair is a citizen of both Massachusetts and Delaware. See D'Arcy Decl., ¶ 3. The State Court Action was originally filed in New York and, thus, this exclusion does not serve as a barrier to removal, regardless of the number of members of all proposed plaintiff classes that are citizens of New York.

19. Similarly, the exclusions under Sections 1332(d)(9) and 1453(d) do not bar the removal of Plaintiff's action to this federal court. These particular exclusions exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. See 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); id. at § 1453(d) (same). The instant Complaint brings claims against Wayfair arising out of New York commercial statutes and common law jurisprudence. See Compl., ¶¶ 24-40. None of Plaintiff's claims involve the Securities Act of 1933 or the Securities Exchange Act of 1934, or state-centric corporate governance issues. See id. Accordingly, the Court may exercise its jurisdiction and the case is properly removed to federal court.

## III. VENUE AND INTRA-DISTRICT ASSIGNMENT ARE PROPER.

20. The Eastern District of New York is the proper venue and intra-district assignment for this action upon removal because this "district and division embrac[e]" the Supreme Court of the State of New York, County of Suffolk, where the Complaint was filed and is currently pending. See 28 U.S.C. § 1441(a).

## IV. WAYFAIR HAS SATISFIED ALL OTHER REQUIREMENTS OF THE REMOVAL PROCEDURE.

21. This Notice of Removal is timely filed. Plaintiff served the Secretary of State of the State of New York on September 29, 2025, and this Notice of Removal was filed and served within 30 days of that service, in compliance with 28 U.S.C. § 1446(b).

22. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Wayfair are being filed herewith. These documents are attached hereto as **Exhibits A** and **B**.

23. Pursuant to 28 U.S.C. § 1446(d), Wayfair will promptly serve on Plaintiff and file with the State Court a "Notice to Adverse Party and State Court of Removal to Federal Court." Wayfair will also file with this Court a "Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court."

## RESERVATION OF RIGHTS AND DEFENSES

24. Wayfair expressly reserves all its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Wayfair's defenses.

**WHEREFORE**, Wayfair requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the New York state court, and that this Court make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the State Court Action.

Dated: October 29, 2025

Respectfully submitted,

**BROWN RUDNICK LLP**

*<u>/s/ Wayne F. Dennison</u>*
Wayne F. Dennison
One Financial Center
Boston, MA 02111
(617) 856-8200 (telephone)
(617) 856-8201 (facsimile)
wdennison@brownrudnick.com

*Counsel for Wayfair LLC*